## BENEDICT *v.* BENEDICT.

1. DEEDS—POSSESSION BY GRANTEE—PRESUMPTION AS TO DELIVERY. Possession of a deed by the grantee creates a rebuttable presumption of delivery.

2. SAME—DELIVERY—EVIDENCE. In administrator's suit to set aside a deed from grantor to her daughter because of lack of delivery, evidence *held,* sufficient to sustain trial court's finding there had been no delivery, notwithstanding grantee's claim of presumption arising from her possession of the deed.

Appeal from Sanilac; Boomhower (Xenophon A.), J. Submitted April 18, 1940. (Docket No. 133, Calendar No. 39,788.) Decided June 3, 1940.

Bill by Garfield M. Benedict, administrator of the estate of Mary A. Benedict, deceased, against Mayme Benedict to set aside a deed. Decree for plaintiff. Defendant appeals. Affirmed.

  *R. H. Benedict,* for plaintiff.

*Julius E. Allen (Mark Howard* and *Milton M. Howard,* of counsel), for defendant.

BUSHNELL, C. J.   This is an appeal from a decree adjudging a deed from Mary A. Benedict to Mayme Tubbs to be void.   Defendant grantee is the daughter of the grantor.   Mary A. Benedict died on April 19, 1935, and the deed, dated September 19, 1932, was recorded on April 22, 1935.

Walter Calkins testified that he drew a will for Mrs. Benedict on January 9, 1932, in which she left her property to a daughter, Mrs. Peterson.   On September 19th of the same year he drafted a deed conveying the property in question to Mrs. Peterson. He said that in October of 1934 he drew another will and deed for Mrs. Benedict which, at her request, were dated back to September 19, 1932.   In this will and deed Mayme Benedict (Tubbs) was substituted for Mrs. Peterson.   This deed contained the following:

"It is hereby agreed and understood that this deed is not to be recorded until after the death of Mary A. Benedict."

When defendant Mayme Benedict (Tubbs) attempted to testify as to how the deed came into her possession, she was met with the objection that this testimony was equally within the knowledge of the deceased,* and the court excluded any answers with respect to delivery.   She stated that the deed was received by her during the last week of April, 1933, and that she had it in her possession until her mother's death, after which she gave an envelope containing her mother's papers to plaintiff administrator, but kept the deed until he asked for it.   Plaintiff testified that the deed was in the envelope with

* See 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914).—REPORTER.

the papers when it was handed to him. The only testimony in the record as to how the deed came into defendant's possession is the statement of a woman employed by Mrs. Benedict that she saw Mayme Benedict go into a bedroom and bring out some papers about five days before Mrs. Benedict's death, and that these papers were in a brown envelope.

The court held that the deed had not been delivered by the grantor. Appellant argues that possession by a grantee creates a presumption of delivery and this presumption was not overcome by plaintiff.

It is true that possession of a deed by the grantee creates a presumption of delivery, but that presumption is rebuttable. *Barras* v. *Barras*, 192 Mich. 584, and authorities cited therein. In the instant case, the testimony that the deed was executed in October of 1934 and the testimony regarding Mrs. Benedict's papers are sufficient to rebut the presumption. We concur in the trial court's finding that there had been no delivery of the deed.

The decree is affirmed, with costs to appellee.

SHARPE, POTTER, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.